IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

NIKOLAY YASHIN,

        Petitioner,

    v.

BRIAN BELLEQUE,

        Respondent.

Civil No. 08-422-MO

OPINION AND ORDER

    Bryan E. Lessley
    Assistant Federal Public Defender
    101 S.W. Main Street, Suite 1700
    Portland, Oregon 97204

        Attorney for Petitioner

    John R. Kroger
    Attorney General
    Kristen E. Boyd
    Assistant Attorney General
    Department of Justice
    1162 Court Street NE
    Salem, Oregon 97310

        Attorneys for Respondent

///

1 - OPINION AND ORDER

MOSMAN, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 in which he seeks to challenge the legality of his underlying state court convictions for Sexual Abuse, Rape, and Sodomy. For the reasons that follow, the Petition for Writ of Habeas Corpus (#2) is denied.

## BACKGROUND

On July 14, 2003, the Marion County Grand Jury indicted petitioner on four counts of Sexual Abuse in the First Degree, three counts of Rape in the First Degree, and three counts of Sodomy in the First Degree for crimes he committed against two of his daughters. Respondent's Exhibit 102. Petitioner proceeded to a bench trial where he testified in his own defense. According to petitioner, he and his 18-year-old daughter had a consensual sexual relationship, and he flatly denied having any sexual contact with his younger daughter. He testified that the false allegations were inspired by her older daughter's relationship with, and ultimate marriage to, Paul Bobko, and her fear that the disclosure of a consensual sexual relationship with her father would prompt Bobko to leave her. Petitioner also believed that his younger daughter was pressured to make false accusations in order to bolster the credibility of the older daughter.

Following the bench trial, the judge found petitioner guilty on all counts and sentenced him to 380 months in prison. *Id* at

2 - OPINION AND ORDER

329-336. Petitioner took a direct appeal, but the Oregon Court of Appeals affirmed the trial court without issuing a written opinion, and the Oregon Supreme Court denied review. *State v. Yashin*, 199 Or. App. 511, 112 P.3d 331, *rev. denied*, 339 Or. 407, 122 P.3d 65 (2005).

Petitioner next filed for post-conviction relief ("PCR") in Marion County where the Circuit Court denied relief on all of his claims. The Oregon Court of Appeals summarily affirmed the PCR trial court's decision, and the Oregon Supreme Court denied review. Respondent's Exhibits 122, 124.

Petitioner filed this federal habeas corpus action on April 3, 2008, and he pursues three grounds for relief:

1. Petitioner is actually innocent of the charges that were brought against him because all of the sexual acts in which he engaged with his elder daughter were consensual, and because the alleged acts involving his younger daughter did not occur;

2. Petitioner suffered from ineffective assistance of trial counsel when counsel: (1) advised him to waive his right to a jury trial; and (2) failed to adequately explain the State's six-year plea offer; and

3. Petitioner's decision to plead not guilty was not knowing or voluntary in violation of his right to due process.

Memo in Support, (#33), p. 2.

Petitioner concedes that the remaining claims in his *pro se* Petition do not entitle him to relief, and further concedes Grounds One, Two, and Three are procedurally defaulted. He

3 - OPINION AND ORDER

nevertheless asks the court to consider the defaulted claims on their merits based upon his assertion that he is factually innocent and therefore qualifies for the fundamental miscarriage of justice exception to procedural default.

## DISCUSSION

In *Schlup v. Delo*, 513 U.S. 298 (1995), the Supreme Court addressed the process by which state prisoners may prove "actual innocence" so as to excuse a procedural default. The Court explained that in order to be credible, a claim of actual innocence "requires petitioner to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Id.* at 324; *Downs v. Hoyt*, 232 F.3d 1031, 1040 (9th Cir. 2000), *cert. denied*, 121 S.Ct. 1665 (2001). The Ninth Circuit has held that "habeas petitioners may pass *Schlup's* test by offering 'newly presented' evidence of innocence." *Griffin v. Johnson*, 350 F.3d 950, 963 (9th Cir. 2003). The meaning of "newly presented" evidence is evidence that was not before the trial court. *Id.*

Ultimately, petitioner must prove that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt. *Schlup*, 513 U.S. at 327; *Bousley v. United States*, 523 U.S. 614, 623 (1998); *Downs*, 232 F.3d at 1040. In making this determination, this court "must assess the probative

4 - OPINION AND ORDER

force of the newly presented evidence in connection with the evidence of guilt adduced at trial." *Schlup*, 513 U.S. at 332.

In this case, petitioner does not offer any new evidence of his innocence. Instead, he simply directs the court back to his trial testimony. "Without any new evidence of innocence, even the existence of a . . . meritorious constitutional violation is not sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim." *Schlup*, 513 U.S. at 316. Even if new evidence was not required to excuse a default, petitioner is unable to show that no reasonable juror would have voted to convict him when the trial judge, acting as the factfinder, convicted him on all counts after hearing the evidence he repeats in this habeas proceeding. As a result, petitioner is unable to excuse his default, therefore he is not entitled to relief on his Petition.[1]

## CONCLUSION

For the reasons identified above, the Petition for Writ of Habeas Corpus (#2) is DENIED. The court declines to issue a Certificate of Appealability on the basis that petitioner has not

---

[1] Even assuming petitioner's freestanding claim of innocence pursuant to *Herrera v. Collins*, 506 U.S. 390, 417 (1993) had been properly preserved, and further assuming such a claim is cognizable in a non-capital habeas corpus case, *Herrera* claims require a greater showing of innocence than to *Schlup* gateway claims. *House v. Bell*, 126 S.Ct. 2064, 2087 (2006). Because petitioner cannot make a gateway showing, he is unable to succeed on his *Herrera* claim.

5 - OPINION AND ORDER

made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

    IT IS SO ORDERED.

    DATED this   15   day of January, 2010.

                         /s/Michael W. Mosman  
                          Michael W. Mosman  
                          United States District Judge